```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
MICHAEL DEMPSEY,

                Plaintiff,

    -against-

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
--------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:19-cv-01495

*Appearances:*
*For the Plaintiff*:
DANIEL A. OSBORN, ESQ.
Osborn Law, P.C.
43 West 43rd Street, Suite 131
New York, NY 10036

*For the Defendant*:
SETH D. DUCHARME, ESQ.
Acting United States Attorney
Eastern District of New York
By: RACHEL G. BALABAN, ESQ.
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Michael Dempsey seeks review of the Commissioner of Social Security's denial of his application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Dempsey's motion is granted, the Commissioner's motion is denied, and the case is remanded for further administrative proceedings consistent with this order.

1

I.

Michael Dempsey filed an application for disability benefits on November 15, 2014, claiming disability beginning on June 27, 2013.[1] The application was denied, and Dempsey requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ concluded that Dempsey was disabled from December 31, 2013 to March 15, 2016. However, the ALJ found that Dempsey was not disabled from June 27, 2013 through December 31, 2013 or from March 15, 2016 to November 1, 2017. The ALJ's decision became final when the Appeals Council denied Dempsey's request for review.

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

---

[1] Dempsey previously worked as a construction laborer and a school custodian.

2

### III.

Dempsey argues that the ALJ improperly afforded limited weight to the opinion of his treating physician, board certified orthopedic and spine surgeon Dr. Sebastian Lattuga, and inappropriately relied on two medical examinations by the Commissioner's consultant, orthopedic surgeon Dr. William Walsh. The Court agrees.

Dr. Walsh met with Dempsey on two occasions and reviewed extensive medical records. He generated reports in March, June, and October 2016. In March 2016, Dr. Walsh concluded, "Mr. Dempsey is capable of working with restrictions of no reaching, repetitive overhead activities and no lifting over 20 pounds." AR 1072. Dr. Walsh's October 2016 report came to a similar conclusion except that he found restrictions should be placed on "bending or lifting over 30 pounds." AR 1084.

The treating physician, Dr. Lattuga, has a multi-year doctor-patient relationship with Dempsey. He completed a functional capacity assessment in July 2016 that limited Dempsey to sedentary work. *See* AR 832-35. In that assessment, Dr. Lattuga found Dempsey could carry up to ten pounds occasionally, could sit for 45-60 minutes without interruption in an eight-hour day, and could stand and/or walk for 20-30 minutes without interruption. In Dr. Lattuga's view, Dempsey

3

could not perform postural activities such as climbing, balancing, stooping, crouching or crawling.

The Second Circuit recently described the two-step process ALJs must follow "in determining the appropriate weight to assign a treating physician's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019).

At step one, "the ALJ must decide whether the opinion is entitled to controlling weight." *Estrella*, 925 F.3d at 95. Here, the ALJ found Dr. Walsh's opinion was entitled to "significant weight." AR 32. By contrast, Dr. Lattuga's opinion was entitled "little weight." AR 32. No further analysis by the ALJ followed in the paragraphs addressing the weight given to the medical opinions.

At step two, "if the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it" and must "explicitly consider" the four nonexclusive *Burgess* factors:

> (1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist.

*Estrella*, 925 F.3d at 95-96 (*citing Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) and 20 C.F.R. § 404.1527(c)(2)). Here, the ALJ failed to explicitly consider these factors. As to Dr. Walsh, the ALJ believed his conclusion was "consistent with the evidence of record." AR 32. Dr. Lattuga's assessment was deemed "not consistent with the objective medical evidence." AR 31-32. Significantly, the ALJ

4

noted Dr. Lattuga's assessment was effectively the same as that of a different treating physician, Dr. Yakov Perper.[2]

Due to the ALJ's failure to properly consider the *Burgess* factors and the lack of other good reasons to support the decision, the ALJ violated the treating physician rule. The ALJ went to great lengths to summarize the evidence and apply the regulations to this case. However, the Court cannot overlook the failure to properly assess Dr. Lattuga's opinion in violation of binding Second Circuit law.

Because the ALJ's error relates to proper application of the regulations and the record does not "provide[] persuasive evidence of total disability that render[s] any further proceedings pointless," remand for further proceedings is necessary. *Williams v. Apfel*, 204 F.3d 48, 50 (2d Cir. 1999); *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) ("remand by the court for further proceedings is appropriate when the Commissioner has failed to provide a full and fair hearing … or to have correctly applied the ... regulations"). On remand, the ALJ must give appropriate weight to the opinions of Dempsey's treating physicians and adequately explain the reasons for that weight.

## IV.

The Court has considered the other issues raised by Dempsey and finds they lack merit.

---

[2] The ALJ also assigned Dr. Perper's opinion "little weight." AR 32.

Dempsey argues that in finding he was disabled as of December 31, 2013, the ALJ was engaging in an overly mechanical application of the Medical Vocational rules. He relies on cases from the Fourth Circuit and the Southern District of Ohio to argue that the Medical Vocational Guidelines should not apply in borderline cases. *See Roush v. Heckler*, 632 F. Supp. 710, 712 (S.D. Ohio 1984); *Gory v. Schweiker*, 712 F.2d 929, 930-31 (4th Cir. 1983). Dempsey's argument fails. This case involves a six-month gap before Dempsey moved into the next age category under the Guidelines. As the government points out, three months is the outer temporal limit in the Second Circuit. *See Smolinski v. Astrue*, No. 07-CV-386S, 2008 WL 4287819, at *4 (W.D.N.Y. Sept. 17, 2008) (finding borderline is a "few days to a few weeks"); *see also Davis v. Shalala*, 883 F. Supp. 828, 838 (E.D.N.Y. 1995 (three months borderline); *Hill v. Sullivan*, 769 F. Supp. 467, 471 (W.D.N.Y. 1991) (three months borderline); *see also Gravel v. Barnhart*, 360 F. Supp. 2d 442, 446 n.8 (N.D.N.Y. 2005) (eleven months not borderline).

Dempsey further argues that the Appeals Council failed to (1) analyze medical records submitted after the ALJ's decision in sufficient depth and (2) give controlling weight to Dempsey's treating physicians on appeal. Nothing in the regulations requires the Appeals Council to produce a written opinion, let alone a detailed analysis of new evidence. *See* 20 C.F.R. § 404.967, 404.968, 404.969, 404.970 (2020). The Appeals Council was not even required to explain its

6

decision. *See Pollard v. Halter*, 377 F.3d 183, 192 (2d Cir. 2004) ("The Appeal Council's denial of a request for review is analogous to a denial of certiorari [which] ... 'imports no expression of opinion upon the merits of a case.'") (*quoting House v. Mayo*, 324 U.S. 42, 48 (1945)). Nonetheless, in this case the Appeals Council, in a five-paragraph decision, did indeed address – and properly reject – the principal contentions raised on appeal by the claimant concerning new medical records.

## CONCLUSION

For the foregoing reasons, Dempsey's motion is GRANTED, the Commissioner's motion is DENIED, and the case is REMANDED for further administrative proceedings consistent with this order.

**SO ORDERED.**

                                               _/S/ Frederic Block_____
                                               FREDERIC BLOCK
                                               Senior United States District Judge

Brooklyn, New York
October 13, 2020