UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
MICHAEL DEMPSEY,

               Plaintiff,        **MEMORANDUM AND ORDER**

                                 Case No. 19-CV-1495-FB

   -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
-----------------------------------------------x

**BLOCK, Senior District Judge:**

     Michael Dempsey received disability benefits after the Court vacated the Social Security Administration's ("SSA's") denial of his application.   His attorney, Daniel A. Osborn, received $7,000 in attorney fees under the Equal Access to Justice Act ("EAJA").   Osborn now seeks an order directing the Commissioner of Social Security to disburse to him 25% of past-due benefits ($18,697.50) pursuant to his contingency-fee agreement with Dempsey.

     18 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled."   Reasonableness depends on three factors:   (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach;

1

and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).   The first and second factors are not at issue here.

The Second Circuit recently set forth the guidelines for determining whether a fee award within the 25% cap constitutes a windfall.   *See Fields v, Kijakazi*, 24 F.4th 845 (2d Cir. 2022).   First, the court should consider the expertise and ability of the lawyers and whether they were particularly efficient. *See id.* at 854.   Second, it should consider the nature and length of the professional relationship with the claimant, including any representation at the agency level. *See id.* at 855.   Third, a court should consider the satisfaction of the disabled claimant. *See id.*   Fourth, a court should consider how uncertain it was that the case would result in an award of benefits and the efforts it took to achieve that result. *See id.*

There are no objections to Osborn's expertise or the quality of his representation.   Osborn has represented Dempsey since March 2019, including in a prior district-court appeal that resulted in a remand.   There is no evidence of any concerns regarding Dempsey's satisfaction with his representation or the outcome of the matter.

The Court finds that the hours spent on Dempsey's case were reasonable. The effective hourly rate of Osborn's representation is $627.99 per hour.   Courts have approved much higher rates.   *See Hughes v. Saul*, No. 20-CV-01609 (ER),

2

2022 WL 2161191 at *3 (E.D.N.Y. Jun. 15, 2022); *Baron v. Astrue*, 311 F. Supp. 3d 633, 637-38 (S.D.N.Y. 2018) (collecting cases with hourly fees ranging from $1,072.17 to $2,100).

Therefore, the Court approves Osborn's fee request.   However, since the statute requires that the "claimant's attorney… refund to the claimant the amount of the smaller fee," *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), he must first refund to his client the $7,000.00 he received under the EAJA.   Contingent upon that refund, the Commissioner of Social Security is ordered to disburse $18,697.50 to Osborn.

 /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 18, 2022

3